Matter of Donziger (2018 NY Slip Op 05128)





Matter of Donziger


2018 NY Slip Op 05128


Decided on July 10, 2018


Appellate Division, First Department


Per Curiam



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2018
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

John W. Sweeny, Jr.,Justice Presiding,
Dianne T. Renwick
Rosalyn H. Richter
Sallie Manzanet-Daniels
Marcy L. Kahn,Justices.


M-5635

[*1]In the Matter of Steven R. Donziger (admitted as Steven Robert Donziger), an attorney and counselor-at-law: Attorney Grievance Committee for the First Judicial Department, Petitioner, Steven R. Donziger, Respondent.



Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Steven R. Donziger, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the First Judicial Department on November 29, 1997.



Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Naomi F. Goldstein, of counsel; George A. Davidson, pro bono special counsel), for petitioner.
Respondent pro se.



PER CURIAM


Respondent Steven R. Donziger was admitted to the practice of law in the State of New York by the First Judicial Department on November 29, 1997. At all times relevant herein, respondent has maintained an office for the practice of law within the First Department.
The Attorney Grievance Committee (AGC) seeks an order, pursuant to Judiciary Law § [*2]90(2), the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.8, and the doctrine of collateral estoppel, finding respondent guilty of professional misconduct in violation of former Code of Professional Responsibility DR 1-102(a)(4) (22 NYCRR 1200.3[a][4]), 1-102(a)(5), 1-102(a)(7), 7-102(a)(6)(22 NYCRR 1200.00[a][6]) 7-105 (22 NYCRR 1200.36), 7-110(a) (22 NYCRR 1200.41[a]), 7-110(b), and New York Rules of Professional Conduct (22 NYCRR 1200.00) rules 3.4(a)(5), 3.5(a)(1), 8.4(c), and 8.4(d), and immediately suspending him from the practice of law pursuant to 22 NYCRR 1240.9(a). Respondent, appearing pro so, opposes the motion.
The assertion of collateral estoppel is premised on a 322-page decision issued on March 4, 2014 by Judge Lewis A. Kaplan of the United States District Court for the Southern District of New York in Chevron Corp. v Donziger (974 F Supp 2d 362 [SD NY 2014], affd 833 F3d 74 [2d Cir 2016], cert denied __ US __, 137 S Ct 2268 [2017]), in which respondent was found to have engaged in, inter alia, coercion, fraud and bribery in connection with an $8.6 billion judgment obtained in Ecuador.
In order to invoke collateral estoppel, it must be shown that (1) the issues raised and resolved in the prior proceeding are identical to those decisive in the present proceeding; and (2) the party against whom collateral estoppel is asserted has had a full and fair opportunity to litigate the issues now said to be controlling (see Schwartz v Public Adm'r of County of Bronx, 24 NY2d 65 [1969]).
There is an "identity of issue" insofar as both the prior proceeding before Judge Kaplan and the instant disciplinary matter center on respondent's judicial coercion, corruption of a court expert and ghostwriting of his report, misrepresentations concerning the expert's independence, obstruction of justice, witness tampering, improperly threatening criminal prosecution, and judicial bribery (see Ross v Medical Liab. Mut. Ins. Co., 75 NY2d 825 [1990]).
Further, respondent was afforded a full and fair opportunity to litigate, as evinced by the voluminous record on which Judge Kaplan's findings were based. Judge Kaplan conducted a seven-week trial, heard 31 live witnesses (including respondent), and considered sworn testimony of three dozen others, as well as thousands of documents. Respondent appealed Judge Kaplan's decision, yet chose not to challenge the underlying factual findings. Thus, his argument that he was denied meaningful appellate review fails.
Because Judge Kaplan's findings constitute uncontroverted evidence of serious professional misconduct which immediately threatens the public interest, respondent should be immediately suspended, pursuant to 22 NYCRR 1240.9(a)(5) (see e.g. Matter of Truong, 2 AD3d 27 [1st Dept 2003]).
Accordingly, the AGC's motion should be granted, and respondent suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Order filed. [July 10, 2018]
Respondent suspended from the practice of law in the State of New York, effective the date hereof, and until further order of this Court; referee to hold hearing on sanction for disciplinary rule violations. Opinion Per Curiam. All concur.